JEMMA E. DUNN
Nevada Bar No. 16229
MATTHEW T. HALE
Nevada Bar No. 16880
DAVID C. KIEBLER
Nevada Bar No. 16724
**GREENBERG GROSS LLP**
1980 Festival Plaza Drive, Suite 730
Las Vegas, Nevada 89135
Telephone: (702) 777-0888
Facsimile: (702) 777-0801
  *JDunn@GGTrialLaw.com*
  *MHale@GGTrialLaw.com*
  *DKiebler@GGTrialLaw.com*

Attorneys for Plaintiff
Christopher Myers

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTOPHER MYERS, an individual, | Case No.: 2:25-cv-00904-JAD-BNW |
| Plaintiff, | **STIPULATION AND ORDER TO EXTEND DISCOVERY SCHEDULING ORDER DEADLINES** |
| v. | |
| COX COMMUNICATIONS LAS VEGAS, INC., a Delaware Corporation, | **(First Request)** |
| Defendant. | |

   Plaintiff Christopher Myers ("Plaintiff"), by and through his counsel of record, Greenberg Gross LLP, and Defendant Cox Communications Las Vegas, Inc. ("Defendant"), by and through its counsel of record, Littler Mendelson, P.C., stipulate and agree to extend the unexpired discovery deadlines for ninety days (90). This is the parties' first request for an extension.

-1-
STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINES

A.  **Discovery Completed to Date.**

To date, the parties have exchanged initial disclosures of documents and witnesses pursuant to FRCP 26(a)(1). The parties have also exchanged and responded to written discovery, Plaintiff having served Requests for Production on Defendant on September 26, 2025, and Defendant having served Interrogatories and Requests for Production of Documents on Plaintiff on October 23, 2025. Plaintiff served responses to written discovery on November 24, 2025. Defendant served responses to written discovery on December 10, 2025. Plaintiff has noticed the deposition of Defendant's employees Chris Zucarro and Lakisha Moss for early January and the parties are currently rescheduling those depositions to a mutually agreeable time. Plaintiff and Defendant have served supplemental disclosures.

B.  **Discovery Which Still Needs to Occur.**

Plaintiff intends to take a FRCP 30(b)(6) deposition and the depositions of several other of Defendant's employees. Defendant intends to take Plaintiff's deposition. Further, the parties may exchange follow up written discovery and documents based on these depositions. Defendant reserves the right to notice and take additional depositions during the discovery period.

C.  **Proposed Schedule for Completing Remaining Discovery.**

**Discovery Cut-Off Date** – The February 2, 2026, discovery cut-off date shall be extended ninety (90) days to **Monday, May 4, 2026**.

**Fed. R. Civ. P. 26(a)(2) Disclosures (Experts)** - The January 12, 2026, rebuttal expert disclosures deadline shall be extended ninety (90) days to **Monday, April 13, 2026**.

**Dispositive Motions** – The March 4, 2026, dispositive motions deadline shall be extended to **Wednesday, June 3, 2026,** which is thirty (30) days after the discovery deadline.

**Pretrial Order** – If no dispositive motions are filed, the Joint Pretrial Order shall be filed thirty (30) days after the date set for the filing of the dispositive motions, which is **Friday, July 3, 2026**. In the event dispositive motions are filed, the date for filing the Joint Pretrial Order shall be suspended until thirty (30) days after the decision on the dipositive motions or by further order of the Court.

///

**D.     Good Cause Supports the Request to Extend the Deadlines as Set Forth Herein.**

When a stipulation requires the modification of the scheduling order, the parties must first satisfy the "good cause" standard established by Rule 16(b). See *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 608 (9th Cir. 1992); see also Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent"). The good cause inquiry is focused on the movant's reasons for seeking to modify the scheduling order and primarily considers the movant's diligence. *In re W. States Wholesale Nat. Gas Antitrust Litig*., 715 F.3d 716, 737 (9th Cir. 2013). The key determination is whether the subject deadline "cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 975 F.2d at 609. The Court considers whether relief from the scheduling order is sought based on the development of matters that could not have been reasonably anticipated at the time the schedule was established. *Jackson v. Laureate, Inc., 186 F.R.D. 605, 608 (E.D. Cal. 1999).* Courts may also consider other pertinent circumstances, including whether the movant was diligent in seeking modification of the scheduling order once it became apparent that the movant required relief from the deadline at issue. *Sharp v. Covenant Care LLC,* 288 F.R.D. 465, 467 (S.D. Cal. 2012). "The diligence obligation is ongoing" such that parties must "diligently attempt to adhere to [the deadlines in the scheduling order] throughout the subsequent course of the litigation." *Id.*

Good cause supports the parties' request to extend the Discovery Cut-Off, Expert Rebuttal Disclosures, Dispositive Motions, and Pretrial Order Deadlines. The parties are actively scheduling depositions and may exchange additional written discovery. The parties further engaged in substantial litigation at the pleading stage, which required Plaintiff to file several amended complaints after the Court dismissed some of Plaintiff's claims. As such, the scope of the parties' dispute has evolved throughout the early portion of the case.

The Parties submit that these circumstances satisfy the required good cause in extending the deadlines referenced above.

/ / /

/ / /

1 | The Parties hereby stipulate to the aforementioned.

2 | DATED 31 December 2025.

 */s/ David C. Kiebler*  
David C. Kiebler, Esq.  
Nevada Bar No. 16724  
**GREENBERG GROSS LLP**  
1980 Festival Plaza Drive, Suite 730  
Las Vegas, Nevada 89135  
dkiebler@ggtriallaw.com  

*Attorneys for Plaintiff*  
*Christopher Myers*

 */s/ Taylor A. Buono*  
Taylor A. Buono, Esq.  
Nevada Bar No. 15513  
**LITTLER MENDELSON, P.C.**  
8474 Rozita Lee Avenue Suite 200  
Las Vegas, NV 89113-4770  
tbuono@littler.com  

*Attorneys for Defendant*  
*Cox Communications Las Vegas, Inc.*

**ORDER**

IT IS SO ORDERED.

_____  
UNITED STATES MAGISTRATE JUDGE

DATED: January 7, 2026

---
-4-  
STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINES